IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHEM LEATHER, INC.,

      Plaintiff,

v.

KAMINO INTERNATIONAL TRANSPORT, INC.,

      Defendant.

CIVIL ACTION NO.
1:06-CV-3130-JEC

### ORDER & OPINION

This case is currently before the Court on defendant's Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer Venue [10]. The Court has reviewed the record and arguments of the parties and, for the reasons set out below, concludes that defendant's Motion to Dismiss for Improper Venue [10] should be **DENIED**, but its Alternate Motion to Transfer Venue [10] should be **GRANTED**.

### BACKGROUND

This is a case of breach of contract. Plaintiff is a Delaware corporation with its principal place of business in High Point, North Carolina. (Compl. [1] at ¶ 1.) Plaintiff is in the business of importing leather goods from other countries. (Motion to Dismiss for

Improper Venue, or in the Alternative, to Transfer Venue [10] (hereinafter "Mot. to Dismiss") at 2.) Defendant is a New Jersey corporation with its principal place of business in Valley Stream, New York. (Compl. [1] at 2.) On January 3, 2001, plaintiff and defendant entered into a contract entitled Customs Power of Attorney/ Designation as Export Forwarding Agent and Acknowledgement of Terms and Conditions (hereinafter "the POA"), whereby defendant became plaintiff's customs broker. (Compl. [1] at ¶ 9; Ex. 1 to Mot. to Dismiss [10].) As plaintiff's customs broker, defendant's duties included filing documents with Customs that identify the country of origin of goods plaintiff imported into the United States. (Compl. [1] at ¶¶ 10-12.) If these forms correctly identified the country of origin, then plaintiff would be entitled to a refund on import duties. (*Id.* at ¶ 13.)

Around 2003, plaintiff discovered that defendant had improperly classified the country of origin of some goods. (*Id.* at ¶ 14.) This discovery meant that plaintiff would have to apply for refunds that it had not received due to the misclassifications. (*Id.*) Plaintiff alleges that instead of applying for these refunds themselves, they again contracted with defendant to apply for the refunds, executing a new contract. (*Id.* at ¶¶ 15-16.) For its part, defendant denies ever entering into a new contract and alleges that its services in applying for refunds due to plaintiff were performed pursuant to the

2

POA.  (Answer [7] at ¶¶ 15-16.)

The POA is a standard form of the National Customs Brokers and Forwarders Association of America, Inc.  (Ex. 1 to Mot. to Dismiss [10].)  Just above the line where plaintiff's corporate officer signed the agreement is a provision that "Grantor acknowledges receipt of _____ Terms and Conditions of Service governing all transactions between the Parties."  (*Id.*)  Typed into the blank is "Kamino International Transport Inc."  (*Id.*)  The Terms and Conditions of Service (hereinafter "T&C") includes a provision that the parties "agree that any action relating to the services provided by [defendant], shall only be brought in [the United States District Courts and State courts of New York]."  (Ex. 2 to Mot. to Dismiss [10].)  The new contract that plaintiff contends governs defendant applying for refunds on behalf of plaintiff contains no such provisions.  (Ex. 1 to Pl.'s Resp. to Def.'s Mot. to Dismiss [12] at ¶ 9.)

On December 26, 2006, plaintiff filed this action alleging breach of contract, negligence, and gross negligence stemming from defendant's alleged failure to apply for plaintiff's refunds. (Compl. [1] at ¶¶ 23-40.)  On April 12, 2007, defendant filed a Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue, which is presently before the Court [10].

AO 72A
(Rev.8/82)

**DISCUSSION**

I.  **Standard**

Defendant has moved for dismissal or transfer of venue pursuant to Federal Rule 12(b)(3). (Mot. to Dismiss [10].) This motion is predicated on a forum selection clause that is part of the T&C defendant claims govern this transaction. (Brief in Support of Mot. to Dismiss [10] at p. 4.) When a Rule "12(b)(3) motion to dismiss for improper venue is based on a forum selection clause, the plaintiff has the burden of showing that venue is proper." *Lobo v. Celebrity Cruises, Inc.*, 426 F. Supp. 2d 1296, 1304 (S.D. Fla. 2006). This is because by attempting to enforce a forum selection clause, defendant is actually "trying to enforce the forum that the plaintiff had already chosen: the contractual venue." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

II.  **The Forum Selection Clause Governs the Transactions That Gave Rise to This Lawsuit**

Plaintiff argues that the events leading up to the filing of this lawsuit are not governed by the forum selection clause contained in the T&C of the 2001 contract. (Pl.'s Resp. to Def.'s Mot. to Dismiss [12] at p. 7.) Rather, plaintiff contends that it had executed with defendant a new contract in or around 2003 that did not contain a forum selection clause. (*Id.*; Ex. 1 to Pl.'s Resp. to Def.'s Mot. to Dismiss [12] at ¶¶ 5-9.) Defendant denies forming

4

this new contract, but argues that even if such a contract exists, the original forum selection clause is controlling in this case. (Reply to Pl.'s Resp. [14] at p. 3.)

This suit rises from defendant allegedly failing to file protests with Customs on behalf of plaintiff. (Compl. [1] at ¶ 18; Ex. A to Compl. [1].) The POA expressly authorized defendant to file "claims or protests" on behalf of the plaintiff. (Ex. 1 to Mot. to Dismiss [10].) Additionally, the contract purports to "govern[] all transactions between the Parties." (*Id.*) Even if a new contract were signed, it appears that contract only set the price of the services, which were not set by the original agreement. (Compl. [1] at ¶ 17; Ex. 1 to Mot. to Dismiss [10].) Therefore, in determining whether the forum selection clause applies in this case, the Court need only determine whether the POA binds the parties to its T&C in future contracts.

The T&C contains a provision that "the relationship of the parties shall be construed according to the laws of the State of New York." (Ex. 2 to Mot. to Dismiss [10].)[1] "In New York, 'a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms.'" *Maxcess, Inc.*

---

[1] Though the result would likely be the same under Georgia law, New York law applies to the interpretation of this contract due to the choice of law clause. See *BP Lubricants USA Inc. v. Global Saturn, Inc.*, No. 1:06-CV-0149-WSD, 2007 WL 1589566, at *2 n. 2 (N.D. Ga. June 1, 2007).

v. *Lucent Techs., Inc.*, 433 F.3d 1337, 1342 (11th Cir. 2005)(quoting *Greenfield v. Philles Records, Inc.*, 780 N.E. 2d 166, 170 (2002)). The plain meaning of "govern[s] all transactions between the Parties" is that the POA would apply to every business dealing between the two parties. This reading of the POA is further strengthened by the requirement that a broker can only file Customs protests on behalf of a client pursuant to a power of attorney. 19 C.F.R. §§ 111.40, 174.3. Thus, even if the parties executed a new contract governing the amount plaintiff was to pay defendant for filing protests, the POA gives the defendant the legal authority to file them and must still govern that relationship between the parties. *Id.* Because the POA governed defendant filing the Customs protests on behalf of plaintiff, the T&C, and the forum selection clause therein, also apply to the transactions at issue.

### III. The Forum Selection Clause is Enforceable

Plaintiff contends that in signing the POA it never intended to agree to the "boilerplate language" of the T&C, including the forum selection clause. (Pl.'s Resp. to Def.'s Mot. to Dismiss [12] at p. 8-9.) However, plaintiff is a sophisticated business entity, and "it is well established under Georgia contract law . . . if a party signs a paper, the presumption of law is that he knows the contract." *McNair v. Monsanto Co.*, 279 F. Supp.2d 1290, 1301 (M.D. Ga. 2003). Furthermore, at least one court has held that the T&C attached to an

6

identical contract in an identical manner were binding on the parties. *See Atwood Oceanics v. Zust Bachmeier of Switzerland, Inc.*, No. Civ.A. H-04-4028, 2006 WL 734415 (S.D. Tex. March 21, 2006). Likewise, the Court holds that the T&C, including the forum selection clause, are binding on the parties in this case.

IV. **Transfer of this Action is Proper**

In *American Safety Cas. Ins. Co. v. Bio-Tech Solutions, Inc.*, this Court noted that "it is . . . a rare case in which a valid [forum selection] clause will not be enforced." No. 1:05-1CV-3152-JEC, 2007 U.S. Dist. WL 951529 at *3 (N.D.Ga. Mar. 26, 2007). In *American Safety*, the Court outlined four principles laid out by the 11th Circuit for the Court to use in determining whether a § 1404(a) transfer is appropriate in light of a valid forum selection clause. *Id.* These principles include 1) the burden of persuasion is on the non-moving party, 2) the validity of the forum selection clause is determined under general contract law, 3) the forum selection clause is a "significant factor that figures centrally," and 4) enforcement of a forum selection clause is equivalent to enforcing the forum chosen by the parties. *Id.*, citing *P & S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804 (11th Cir. 2003).

Against enforcement of the forum selection clause, plaintiff argues that plaintiff and the witnesses are located in Georgia and makes a rather conclusory assertion that the "interests of justice"

7

require keeping the case in Georgia. (Pl.'s Resp. to Def.'s Mot. to Dismiss [12] at p. 9.)  As this Court noted in *American Safety*, however, the convenience to the witnesses is not necessarily dispositive, as the witnesses can give videotaped deposition testimony. *Id*.  Plaintiff has presented the Court with no reason that videotaped deposition testimony would be inadequate in this case.  Furthermore, "[w]here, as here, the non-movant has not shown that it would be unjust to honor a forum selection clause that it has freely given, 'the interest of justice' requires that the non-movant be held to its promise." *In re Ricoh*, 870 F.2d at 573.  Because the forum selection clause is "a *significant* factor that figures *centrally*" in the Court's ruling, a transfer is appropriate. Therefore, defendant's Motion to Dismiss for Improper Venue [10] is **DENIED**, but its Alternate Motion to Transfer Venue [10] is **GRANTED**.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** defendant's Motion to Dismiss for Improper Venue, but **GRANTS** defendant's Alternate Motion to Transfer Venue [10].  This case shall be **TRANSFERRED** to the Southern District of New York.  The Clerk of this District shall **CLOSE** the case.

SO ORDERED, this 25 day of February, 2008.

                                                            _____
                                                            JULIE E. CARNES
                                                            UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)